IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Gorman Brown, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No.: 8:18-cv-02723-GJH |
| Prince George's County Board of Education, et al. | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.     Introduction**

This action comes before the Court based on Defendants, Prince George's County Board of Education and Department of Security Services' Motion for Partial Judgment on the Pleadings, or in the alternative, Motion for Partial Summary Judgment. Defendants assert that Count I of Plaintiffs' Complaint fails to state a claim upon which relief can be granted, specifically that Defendants are not a "person" for the purposes of a § 1983 claim.

**II.    Standard of Review**

*Rule 12(c): Judgement on the Pleadings*

Rule 12(c) of the Federal Rules of Civil Procedure provides that once pleadings are closed, and early enough not to delay trial, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). In ruling on a 12(c) motion, a court must apply the standard for a 12(b)(6) motion. Butler v. United States, 703 F.3d 749, 751-52 (4th Cir. 2012). The purpose of a 12(b) motion is to test the sufficiency of a plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1989). If the moving party on a 12(c) motion presents matters outside of the pleadings, and said

matters are not excluded by the court, the court must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

*Rule 56: Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment can only be granted if the moving party shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Baldwin v. City of Greensboro, 714 F.3d 828, 833 (4th Cir. 2013). Any claim that a fact cannot be genuinely disputed must be support by particular parts of materials in the record, including affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A). The moving party has the initial responsibility of informing the court of the basis of its motion, being sure to identify those portions of the record which demonstrates an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The burden then shifts to the non-moving party to either properly support an assertion of fact or oppose the other party's assertion of fact. *See* Fed R. Civ. P. 56(e). The non-movant cannot rest upon unsupported allegations in his pleadings or elsewhere but must show "significant probative evidence" to support those allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In determining either a Rule 12(c) motion or a Rule 56 motion, the court must construe the facts that are presented in the light most favorable to the non-moving party. *See* Scott v. Harris, 550 U.S. 371, 378 (2007); *see also* Nat'l City Bank of Ind. v. Turnbaugh, 463 F.3d 325, 329 (4th Cir. 2006).

**III.  Arguments**

**1. Defendants are comparable to municipalities and local governments and are considered "persons" for the purposes of a § 1983 Claim**

As set out by Zimmer-Rubert v. Board of Education, 947 A.2d 135, 139 (Md. App., 2008), determination of whether a school board is an arm or instrumentality of the State, as opposed to a county or local agency, requires careful scrutiny and review of various factors. The principal factor, upon which courts have virtually always relied, is whether the state treasury will be responsible for paying any judgment that might be awarded against the entity. Lewis v. Board of Education of Talbot County, 262 F.Supp.2d 608, 612 (D. Md. 2003). Per the Maryland State Treasurer Insurance Division, "[the] Maryland Tort Claims Act… establishes very strict standards under which a claim may be considered by the State Treasurer," specifically that "the Treasurer [can] pay only those claims in which the State is determined to be at fault."

Being that the Maryland Tort Claims Act does not apply to a bi-county unit, municipal corporation, or other political subdivision or any unit, or official or employee of any of those agencies or subdivisions, such as school boards, the State would not be liable and holds itself apart for constitutional violations conducted by those same entities. Additionally, the Deputy County Attorney for Prince George's County Government asserts "… that Prince George's County, Maryland is not responsible for matters concerning the Prince George's County Board of Education;" this unilateral avoidance of liability and circumvention of responsibility amongst the policymakers of the State, county government, and bi-county unit serve as additional impetus for this Honorable Court to deny Defendants' instant motion.

Therefore, being that a claim brought against a school board is not covered by the State Treasurer, and liability is not accepted by the county, the present Defendants, Prince George's County Board of Education and the Department of Security Services cannot thus be considered an instrumentality of the State, but its own governmental entity, which is clearly sufficient to be held responsible under a 1983 claim. Accordingly, Prince George's County School Board and the

Department of Security Services should not be absolved of their responsibility nor their duty discharged to uphold the standards set out by the U.S. and Maryland Constitutions.

Furthermore, in understanding the history and drafting of 42 U.S.C. § 1983, Congress did not intend for municipalities and other local governmental units to be provided governmental immunity, as was originally set out by <u>Monroe v. Pape</u>, 365 U.S. 167 (1961). Their rationale was based on the idea that allowing such immunity would permit State and non-state agencies, alike, to arrange their affairs and assert defenses that license them to violate constitutional rights indefinitely, with no judicial recourse. To counteract that slippery slope that was recognized in <u>Monroe</u>, the Supreme Court established that a municipality and/or local government unit is liable for the purpose of a 1983 claim, and that a county school board is equivalent to that of a local governmental unit. <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 690-91 (1978). In setting the parameters of when a municipality or local government unit, is liable under a 1983 claim, the focus is on whether the action that caused the constitutional tort was taken pursuant to an official municipal policy, ordinance, regulation, or custom, even if not formally approved. <u>Id.</u>, at 694.

As stated in Plaintiffs' Complaint, and reiterated here, Defendants are the Board of Education for Prince George's County, Maryland and the Prince George's County Public Schools Department of Security Services, in whose purpose, as outlined in the Board's policies, rest in providing a safe and orderly environment for the students, faculty, staff, visitors, and parents of Prince George's county Public Schools. Defendants, individually and collectively, regulate the security measures associated with the public schools located within Prince George's County, inclusive of installing and monitoring all surveillance cameras throughout the 230 public schools throughout Prince George's County, including Flowers High School. In light of and under the

authority of Defendants capacity and position, Defendants approved, installed, and monitored a surveillance camera in the principal's office of Flowers High School, in violation of Plaintiffs' constitutional rights, and in accordance with its own policies and customs.

Given the foregoing, as Prince George's County's School Board and Department of Security Services for Prince George's County Public Schools, Defendants are equivalent to a municipality or local government unit, and as such can and should be recognized as a person for the purposes of a 1983 claim. Moreover, in exercising their authority over Prince George's County Public Schools, Defendants, by and through their agents violated Plaintiffs' constitutional rights, and should be held liable.

**2. Motion for Summary Judgment is Pre-Mature absent the conclusion of discovery**

Granting Defendants' Motion for Partial Summary Judgment at this time would be inconsistent with the standard set forth in Rule 56(c). Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson at 247. "[The] plain language of Rule 56(c) mandates the entry of summary judgment, *after* adequate time for discovery," as there can be no genuine issue as to any material fact where discovery is not yet complete. Celotex at 322. (emphasis added).

Based on the foregoing, Defendants' Motion for Partial Summary Judgment is patently improper at this stage of this proceeding, as discovery is not complete. Any factual evidence in support of either parties' contentions have not sufficiently developed to enable this Honorable Court to determine whether genuine issues of material facts exist. Thus, where discovery is still pending, the entry of summary judgment is premature.

Furthermore, summary judgment should not be granted at this time, as discovery is relevant and necessary to potentially resolve the factual disputes and issues raised in Defendants' instant motion. The rules of this court play a crucial role in "making a trial less game of blind man's bluff and more a fair contest with basic issues and facts disclosed to the fullest practicable extent." <u>United States v. Proctor & Gamble</u>, 356 U.S. 677, 682 (1958). Here, Defendants are attempting to use summary judgment as a substitute for a trial on the disputed issues of fact. Yet, discovery is still outstanding, no depositions have been scheduled, and no witnesses have been identified. As such, Defendants' Motion is premature.

IV. **<u>Conclusion</u>**

Given the foregoing reasons, and in the interest of justice and all matters considered, Plaintiffs' respectfully request that this court DENY Defendants' Motion, or in the alternative, Plaintiffs' request an Oral Argument to argue the merits of Defendants' motion.

Respectfully submitted,

<u>      /s/ Erick R Tyrone      </u>
Erick R. Tyrone, Esq.
Fed. Bar No. 19246
The Tyrone Law Group, LLC
9701 Apollo Drive, Ste. 100
Largo, MD 20774
(301) 358-6664 (Office)
(240) 582-9149 (Facsimile)
tyrone@tyronelawgroup.com
*Attorney for Plaintiffs*