**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **GORMAN BROWN, et al.,** | * | |
| **Plaintiffs,** | * | |
| v. | | **Case No.: GJH-18-2723** |
| | * | |
| **PRINCE GEORGE'S COUNTY BOARD OF EDUCATION, et al.,** | | |
| | * | |
| **Defendants.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Three administrators of Charles Herbert Flowers High School in Prince George's County, Maryland brought this suit in Maryland state court against the Prince George's County Board of Education and its Department of Security Services, alleging that the Defendants violated the administrators' rights under federal and state law by secretly placing a surveillance camera in the office of the school principal. ECF No. 1-1. Defendants removed the action to this Court and answered the Complaint. ECF Nos. 1, 5, 6. Presently pending before the Court is Defendants' Motion for Partial Judgment on the Pleadings, or in the Alternative, Motion for Partial Summary Judgment. ECF No. 9. No hearing is necessary.[1] *See* Loc. R. 105.6 (D. Md.). For the following reasons, Defendants' Motion for Partial Judgment on the Pleadings, or in the Alternative, Motion for Partial Summary Judgment, ECF No. 9, will be treated as a Motion for Partial Judgment on the Pleadings, and granted.

---

[1] On December 11, 2018, Plaintiffs submitted a filing styled "Praecipe" that requested a hearing on the pending motion, explaining that the request was inadvertently omitted from Plaintiffs' Opposition to the pending motion. ECF No. 17. "A 'praecipe' is an archaic legal term to describe a written request filed with the court seeking the issuance of a writ or other action. Rule 7 long ago eliminated the need to resort to these common law pleading relics, permitting any request for a court to issue an order to be in the form of a motion. Fed. R. Civ. P. 7(b)(1)." *Mason v. Montgomery County*, No. PWG-13-1077, 2016 WL 4437642, at *2 n.3 (D. Md. Aug. 23, 2016) (citation omitted). To the extent that Plaintiffs' request may be construed as a motion, it is denied.

Case 8:18-cv-02723-GJH   Document 26   Filed 08/20/19   Page 2 of 8

## I.    BACKGROUND[2]

Plaintiffs in this matter are Dr. Gorman Brown, Mar-c Holland, and Donna Bussey.

Brown has been the Principal of Charles Herbert Flowers High School, located in Springdale,

Maryland, since July 2012. ECF No. 1-1 ¶¶ 4, 14, 16. Holland is an educator who participated in

a principal training program at the school between July 1, 2017 and April 30, 2018. *Id.* ¶¶ 37–40.

Bussey serves as the secretary to the school principal and supervises the school's secretarial

staff. *Id.* ¶¶ 58–59, 62. In the course of their employment at the school, Plaintiffs spend or have

spent considerable time working in the area known as the Principal's Suite, which includes the

principal's office as well as a restroom and shower. *Id.* ¶¶ 19, 21, 39–42, 61–62. Brown and

other school staff regularly use the office suite for sensitive meetings and conversations relating

to students, parents, and school faculty and staff. *Id.* ¶¶ 22–27, 39, 41, 61–63. Brown's minor

children have also used the suite for completing homework and as a space to change their clothes

for extracurricular activities, as have members of the school's "Pom and Dance Team," which is

supervised by Bussey. *Id.* ¶¶ 19–20, 64–66. Brown and Holland have also changed their clothes

in the office suite. *Id.* ¶¶ 20, 43.

As part of her training program, Holland served in Brown's place as the school's

principal from January 1, 2018 to April 30, 2018. *Id.* ¶¶ 40–42. On the morning of Friday, April

13, 2018, Holland and Bussey were contacted by an assistant principal of the school who had

accessed the school's network of security cameras and discovered that a camera labeled "Main

Lobby" appeared to show Holland at her desk in the principal's office. *Id.* ¶¶ 46–48, 71.

Unaware of such a camera, Holland examined the office's ceiling and noticed a device in a

corner that resembled a smoke detector. *Id.* ¶ 49. She then accessed the "Main Lobby" camera

---

[2] Unless otherwise stated, these facts are taken from Plaintiffs' Complaint, ECF No. 1-1, and are presumed to be true.

from her computer and confirmed that it was transmitting a live image of her. *Id.* Holland

immediately contacted Brown, who was also unaware of the camera and came to the school to

investigate. *Id.* ¶¶ 50–52. Examining the surveillance system, Holland, Brown, and Bussey

discovered that it had stored video recordings from the principal's office camera since 2016,

contrary to the thirty-day retention policy for all other school cameras. *Id.* ¶¶ 54–56, 72.

Plaintiffs filed a Complaint against the Prince George's County Board of Education and

the Department of Security Services in the Circuit Court for Prince George's County, Maryland

on June 27, 2018. ECF No. 1-1. In brief, the Complaint alleges that Defendants secretly installed

the principal's office camera, monitored the video feed, intentionally mislabeled the camera in

the school's surveillance management system as "Main Lobby" to avoid detection, and

authorized indefinite storage of video captured by the camera, violating the school's thirty-day

security video retention policy. *Id.* at 14–29. [3] The Complaint includes a claim under 42 U.S.C. §

1983 for alleged violations of Plaintiffs' rights under the Fourth, Fifth, and Fourteenth

Amendments of the U.S. Constitution (Count I), Maryland common law claims of invasion of

privacy (Count II) and gross negligence (Count III), and a claim that Defendants violated

Plaintiffs' rights under Articles 24 and 26 of the Maryland Declaration of Rights (Count IV), as

well as an allegation labeled "Count V" that asserts that Defendants are liable for the acts of their

employees. *Id.* Defendants removed the case to this Court on September 4, 2018, and filed an

Answer and an Amended Answer on September 25, 2018. ECF Nos. 1, 4, 5, 6. Defendants filed

the now-pending Motion for Partial Judgment on the Pleadings, or in the Alternative, Motion for

Partial Summary Judgment, on October 29, 2018. ECF No. 9. Plaintiffs filed an Opposition to

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

the motion on November 26, 2018, ECF No. 14, and Defendants filed a Reply on November 27,

2018. ECF No. 15.

## II.     STANDARD OF REVIEW

Defendants have moved for partial judgment on the pleadings under Federal Rule of Civil

Procedure 12(c), or in the alternative, for partial summary judgment under Rule 56. ECF No. 9.

Federal Rule of Civil Procedure 12(d) provides that if a Rule 12(c) motion presents matters

outside the pleadings, "the motion must be treated as one for summary judgment." Fed. R. Civ.

P. 12(d). Because neither Defendants nor Plaintiffs have submitted material beyond the

pleadings, the Court will evaluate Defendants' motion as a Rule 12(c) motion for judgment on

the pleadings. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery County*, 788 F. Supp.

2d 431, 436–37 (D. Md. 2011); *see also Alexia Burno-Whalen v. Maryland*, No. GJH-15-564,

2016 WL 1259556, at *3 (D. Md. Mar. 28, 2016).

Pursuant to Rule 12(h)(2)(B), a defendant may assert that a complaint "[f]ail[s] to state a

claim upon which relief can be granted" in a Rule 12(c) motion for judgment on the pleadings.

Fed. R. Civ. P. 12(h)(2)(B). In evaluating a Rule 12(c) motion, courts apply the same standard

used for motions brought under Rule 12(b)(6). *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir.

2014) (citing *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012)). To survive a motion

under that standard, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts will dismiss complaints

under Rule 12(c) if "after accepting all well-pleaded allegations in the plaintiff's complaint as

true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it

appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling

him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). This Court's

role is to test "the sufficiency of the complaint," and not to "resolve the merits of the plaintiff's

claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)

(citing *Butler*, 702 F.3d at 752). As such, the Court will assume all well-pleaded factual

allegations in the complaint to be true. *See Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d

697, 702 (4th Cir. 2016).

## III.    DISCUSSION

Public schools in Maryland are organized by county, and each county's public school

system is managed by a county board of education. Md. Code Ann., Educ. §§ 3-103, 4-101, 4-

108. In this action, Plaintiffs have named as defendants the Prince George's County Board of

Education and the "Department of Security Services." ECF No. 1-1. The Complaint asserts that

the latter is a government entity that carries out security functions for the Prince George's

County school system. *Id.* ¶ 5–6. Defendants deny these allegations in their Answer. ECF No. 6 ¶

2. In the pending motion, Defendants instead assert that the Department of Security Services is

not a legal entity, but merely a component of the county school system that is managed by the

Defendant Board of Education. ECF No. 9-1 at 6. Plaintiffs have not contested this description.

In fact, Plaintiffs' memorandum opposing the pending motion repeatedly refers to Defendants as

a single unit. *See* ECF No. 14-1 at 3, 5. Moreover, the Complaint alleges that Department of

Security Services employees "are also employees of Defendant Board." ECF No. 1-1 ¶ 6. For

purposes of the pending motion, therefore, the Court will treat Defendants as a single entity and

proceed as though the Prince George's County Board of Education is the sole defendant. [4] *See*

---

[4] Were the Court to examine the question whether the Department of Security Services is an entity subject to suit, Federal Rule of Civil Procedure 17(b) provides that it would look to Maryland law. Citing Maryland Court of Appeals case law, the Fourth Circuit has stated that a "department" that is not created by a statutory or constitutional provision has no unique legal identity in Maryland and thus cannot be sued. *Owens v. Balt. City State's Attorneys*

*Wiley v. Wegmans Food Markets, Inc.*, No. 1:14-cv-235, 2014 WL 7359717, at *1 n.1 (E.D.V.A.

Dec. 24, 2014).

The pending motion seeks the dismissal of Plaintiffs' claim under 42 U.S.C. § 1983. ECF

No. 9. § 1983 establishes a cause of action against any "person" who deprives another of federal

rights under color of state law. 42 U.S.C. § 1983; *see also City of Monterey v. Del Monte Dunes*

*at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). In *Monell v. Department of Social Services of the*

*City of New York*, the Supreme Court held that municipalities and other local government units

are "persons" within the meaning of the statute. 436 U.S. 658, 690 (1978). Relying on *Monell*,

Plaintiffs claim that county boards of education should be treated as municipalities or local

government units and therefore as persons. ECF No. 14-1 at 2–5. Plaintiffs' position is contrary

to settled law.

Courts in this District have repeatedly and consistently explained that Maryland county

boards of education do not qualify as "persons" within the meaning of the statute and therefore

cannot be sued under § 1983. *See, e.g.*, *Schiffbauer v. Schmidt*, 95 F. Supp. 3d 846, 851–52 (D.

Md. 2015); *Dennis v. Bd. of Educ. of Talbot Cty.*, 21 F. Supp. 3d 497, 501–02 (D. Md. 2014);

*Mayo v. Bd. of Educ. of Prince George's Cty.*, 797 F. Supp. 2d 685, 689 (D. Md. 2011); *J.G. ex*

*rel. Gusman v. Prince George's Cty. Bd. of Educ.*, No. PWG-16-1008, 2017 WL 930130, at *4

(D. Md. Mar. 8, 2017). As the Supreme Court concluded in *Will v. Michigan Department of State*

*Police*, states and their agencies are not "persons" under § 1983. 491 U.S. 58, 71 (1989)

(affirming dismissal on this ground of the plaintiff's suit against the Michigan Department of

State Police and its director). And the Maryland Court of Appeals "ha[s] long considered county

---

*Office*, 767 F.3d 379, 393 (4th Cir. 2014) (citing *Boyer v. State*, 594 A.2d 121, 128 n.9 (Md. 1991)). Plaintiffs have
pointed to no such provision establishing the Department of Security Services and the Court is aware of none. In
contrast, Maryland statute expressly provides that county school boards are corporate entities that may sue and be
sued. Md. Code Ann., Educ. § 3-103(b)(3).

school boards to be State agencies rather than independent, local bodies." *Board of Educ. of Baltimore Cty. v. Zimmer-Rubert*, 973 A.2d 233, 236 (Md. 2009); *see also Beka Indus., Inc. v. Worcester Cty. Bd. of Educ.*, 18 A.3d 890, 900 (Md. 2011); *Chesapeake Charter, Inc. v. Anne Arundel Cty. Bd. of Educ.*, 747 A.2d 625, 628–29 (Md. 2000) (collecting cases and explaining the reasoning for this conclusion). Count I of the Complaint therefore fails to state a viable § 1983 claim and accordingly Defendants' motion for partial judgment on the pleadings is granted and Count I is dismissed.

Having disposed of Plaintiffs' only federal claim, the Court lacks jurisdiction over the remaining state law claims unless it exercises supplemental jurisdiction. "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having disposed of the only such claim in this suit, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will remand this matter to the Circuit Court for Prince George's County, Maryland for further proceedings. *See Adams v. Am. Fed'n of State*, 167 F. Supp. 3d 730, 753 (D. Md. 2016).

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion for Partial Judgment on the Pleadings, or

in the Alternative, Motion for Partial Summary Judgment, is granted, and this action is remanded

to the Circuit Court for Prince George's County, Maryland. A separate Order shall issue.


Date: <u>August     20, 2019</u>                                    ___/s/_____
                                                                              GEORGE J. HAZEL
                                                                              United States District Judge